IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DODLAY ZAMOR, on behalf of himself and all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ALLIED UNIVERSAL, UNIVERSAL PROTECTION SERVICE, LLC, and JOHN DOE DEFENDANTS 1-10.**<br><br>Defendants. | **Civil Action No.:**<br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiff DODLAY ZAMOR ("Zamor" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants ALLIED UNIVERSAL, UNIVERSAL PROTECTION SERVICE, LLC, and all other affiliated entities and/or joint employers, ("Universal" or "Defendants") and JOHN DOE DEFENDANTS 1-10, individually ("Individual Defendants") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et.seq.*, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et. seq.* ("NJWHL"), the New Jersey Paid Sick Leave Law, N.J.S.A., 34:11D, *et.seq.* ("PSLL"), the Family Medical Leave Act, 29 U.S.C. §2601 *et.seq.,* and the New Jersey Family Leave

1

Act, 34:11B, *et.seq.* ("NJFLA").

2. Named Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated –security officers- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a result of Defendants' violations of the NJWHL pursuant to the class action provisions of Fed.R.Civ.P, Rule 23.

3. Named Plaintiff brings this lawsuit against Defendants individually as a result of Defendants' violations of the Family Medical Leave Act, 29 U.S.C. §2601, *et.seq.* ("FMLA") as well as the New Jersey Family Leave Act, N.J.S.A. 34:11-B, *et.seq.*("NJFLA") and associated New Jersey Administrative Code violations.

4. Beginning in approximately January, 2016, and continuing through in or about November, 2019, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective/class to regularly work in excess of forty (40) hours per week without providing them overtime compensation as required by applicable federal and New Jersey state law.

5. Beginning in approximately November, 2018, and continuing through in or about November, 2019, Defendants engaged in a policy and practice of failing to provide Named Plaintiff and members of the putative collective/class with required sick leave in violation of the New Jersey Paid Sick Leave law, N.J.S.A. 34:11D, *et.seq.* ("PSLL"), and associated New Jersey Administrative Code violations.

6. The Named Plaintiff has initiated this action on behalf of himself and on behalf of similarly situated employees to recover compensation related to these federal and state violations, plus damages, attorneys' fees, and costs as provided for in the statutes.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

8. This Court has subject matter jurisdiction over Named Plaintiff's FMLA claims pursuant to 28 U.S.C. § 133

9. This Court has original jurisdiction over Plaintiff's class claims alleged in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). This is a putative class action whereby (a) the proposed Rule 23 Class consists of over 100 members; (b) at least some of the members of the proposed class have a different citizenship from Defendants; and (c) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

10. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL, NJFLA, and NJ PSLL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

11. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

12. At all times material hereto, Named Plaintiff performed non-exempt security officer duties for the Defendants in New Jersey and based from one of Defendants' contracted jobs located in Green Brook, Somerset County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

13. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage the largest security services in North America, with locations in all

fifty (50) states, as well as in Canada, Central America, Mexico, the United Kingdom, and the U.S. Virgin Islands. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce.  Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Fair Labor Standards Act.

14. Furthermore, upon information and belief, at all times pertinent to this Complaint, the Defendants are a covered employer or Plaintiff is an eligible employee as it relates to entitlement to leave under the Family Medical Leave Act in that Plaintiff worked for Defendants for more than 12 months prior to seeking leave, Plaintiff worked for Defendant for at least 1,250 hours during that 12 months period, Defendants employed more than 50 people within a 75 mile radius of Plaintiff's worksite, and Plaintiff's leave request fell within the eligible medical conditions for which leave is authorized.

15.  Upon information and belief, at all times pertinent to this Complaint, the Defendants are a covered employer or Plaintiff is an eligible employee for benefits under the New Jersey Family Leave Act as Defendants employed at least 30 employees, Plaintiff worked for Defendants for at least a year prior to seeking leave, Plaintiff worked for Defendants for at least 1,000 hours during the 12 months preceding Plaintiff's leave request, and Plaintiff's requested leave was to care for his child that was born on Tuesday, November 25, 2020.

## PARTIES

**Plaintiff**

16. Named Plaintiff Zamora is an adult individual who is a resident of East Orange, New Jersey.

4

17. Named Plaintiff Zamora was employed by Defendants full time as a security officer, performing duties in furtherance of Defendants' business, from in or about January, 2016, through in or about November, 2019.

18. During his tenure with Defendants, Plaintiff Zamora worked at Greystone Park Psychiatric Hospital, in Morris Plains, Morris County, New Jersey, and thereafter in Green Brook Regional Center, a State geriatric inpatient facility and rehabilitation center for developmentally disabled persons 55 years of age or older, located in Green Brook, Somerset County, New Jersey.

**Corporate Defendants**

19. Allied Universal, also known as Universal Security Service, LLC, is a foreign limited liability company, with its headquarters located on the east coast in Conshohocken, Pennsylvania, and on the west coast in Santa Ana, California. Defendants' New Jersey offices are located in East Brunswick New Jersey, and Vorhees, New Jersey.

20. Upon information and belief, and at all times relevant to this Complaint, the Defendants employ individuals to perform, amongst other security services, security officer services, on behalf of the Defendants.

**Individual Defendants**

21. Upon information and belief, at all times relevant to this Complaint, individual Defendants John Doe # 1-10 are unknown but are believed to have participated in the misconduct described herein.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendants John Doe # 1-10 have had power over personnel decisions at the Defendant Allied's

5

business.

23. Individual Defendants John Does # 1-10 were regularly present at Allied, and managed the day to day operations, controlled the employees, the employee pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

24. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

25. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

26. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

27. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed security officer work for Defendants.

28. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

29. The Named Plaintiff and potential plaintiffs of the class action are all victims of the Defendants' common policy and/or plan to violate the NJ PSLL by failing to provide paid sick leave as accrued in violation of N.J.S.A 34:11D, *et.seq*.

30. The putative class is so numerous that joinder of all members is impracticable. The size of

the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

31. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages as well as earned sick leave. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

32. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work as security guards for Defendants.

33. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour collective allegations and class action litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

35. The FLSA action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

36. Plaintiffs' claims under the NJWHL and the New Jersey PSLL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

37. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants'

policies.

## FACTS

38. Based upon the information preliminarily available, and subject to discovery, beginning in approximately January, 2016, and continuing to the present, Defendants employed the Named Plaintiff and members of the putative class to perform security officer duties in furtherance of their security business.

39. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for overtime hours worked in a work week.

40. Named Plaintiff Zamor was paid based on an hourly rate of pay of $17.98 per hour.

41. Named Plaintiff Zamor routinely worked five (5) days per week.

42. Named Plaintiff routinely worked forty-one and one quarter hours (41.25) hours per workweek as Plaintiff was required to report to work and begin work fifteen (15) minutes prior to the start of his scheduled shift.

43. Named Plaintiff was not paid for this additional work time.

44. Named Plaintiff was not paid time and one half for his hours over forty (40) in a workweek.

45. Upon information and belief, employees similarly situated to Named Plaintiff were also required to report to work and begin work fifteen (15) minutes prior to their scheduled shift time and they also were not paid for this additional work.

46. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

47. Named Plaintiff did not receive one (1) hour of sick leave pay for every thirty (30) hours worked.

48. Named Plaintiff did not receive his earned sick pay for his requested time off.

49. Defendants have engaged in a widespread pattern, policy, and practice of violating the New Jersey PSLL, as described in this Complaint.

50. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

51. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty(40) within a work week.

52. On or about October 8, 2019, Plaintiff submitted a written Time Off Request form, seeking a leave from November 20, 2019, through December 4, 2019, for the birth of his child.

53. Plaintiff's request was orally granted by his supervisor, being told that he would receive paid sick leave for the requested time off.

54. On November 21, 2019, while out on leave, Plaintiff was terminated.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

55. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

56. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

57. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

58. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

59. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

60. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

62. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

63. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

64. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

65. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

66. Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, in that Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

67. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

68. As a direct and proximate cause of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to damages, including liquidated damages and attorneys' fees and costs.

## COUNT III
## RECOVERY OF DAMAGES
## PURSUANT TO NJ PSLL

69. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

70. Named Plaintiff is entitled to one (1) hour of sick leave pay for every thirty (30) hours worked. N.J.S.A. 34:11D, *et.seq.*

71. Named Plaintiff did not receive his earned sick pay for his requested time off.

72. All similarly situated employees of the Defendants did not receive and are also entitled to earned sick leave in accordance with N.J.S.A. 34:11D, *et.seq.*

73. Named Plaintiff was terminated in retaliation for requesting and using his earned sick pay.

74. Defendants violated N.J.S.A. 34:11D, *et.seq.*, by interfering with Plaintiff's attempt to exercise his rights under the PSLL and by terminating Plaintiff's employment in retaliation for his having taken PSLL leave.

75. As a direct and proximate result of Defendants' violation of N.J.S.A. 34:11D, *et.seq.*, Plaintiff has suffered damages.

76. All similarly situated employees of the Defendants did not receive and are also entitled to earned sick leave in accordance with N.J.S.A. 34:11D, *et.seq.*

77. Defendants' failure to pay Plaintiff and others similarly situated for their earned sick leave, is in direct violation of the law.

78. As a direct and proximate result of Defendants' violations of the Act, Plaintiff and those similarly situated employees are entitled to damages, including liquidated damages and attorneys' fees and costs.

## COUNT IV
## RECOVERY OF DAMAGES PURSUANT TO THE
## FAMILY MEDICAL AND LEAVE ACT

79. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

80. In light of Plaintiff's request for time off for the birth of his child, Plaintiff was entitled to FMLA leave, pursuant to 29 U.S.C. 2611, not only at the time he applied, but while he was out and when he was terminated.

81. Defendant violated 29 U.S.C. 2615(a)(1) and 29 U.S.C. 2615(a)(2) by interfering with

Plaintiff's attempt to exercise his rights under the FMLA and by terminating Plaintiff's employment in retaliation for his having taken FMLA leave.

82. As a direct and proximate result of Defendants violation of 29 U.S.C. 2615(a)(1) and 29 U.S.C. 2615(a)(2), Plaintiff has suffered damages, plus incurring costs and reasonable attorneys' fees.

83. As a result of Defendants' violations of the Act, Plaintiff is entitled as well to liquidated damages, punitive damages, interest, and equitable relief.

## COUNT V
## RECOVERY OF DAMAGES PURSUANT TO THE
## NEW JERSEY LEAVE ACT

1. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

84. In light of Plaintiff's request for time off for the birth of his child, Plaintiff was entitled to leave, pursuant to the New Jersey Leave Act, N.J.S.A.34:11-B, *et.seq*., not only at the time he applied, but while he was out and when he was terminated.

85. Defendant violated N.J.S.A. 34:11-B, *et.seq.*, by interfering with Plaintiff's attempt to exercise his rights under the New Jersey Leave Act and by terminating Plaintiff's employment in retaliation for his having taken New Jersey Leave Act.

86. As a direct and proximate result of Defendants violation of the New Jersey Leave Act, Plaintiff has suffered damages, plus incurring costs and reasonable attorneys' fees.

87. As a result of Defendants' violations of the Act, Plaintiff is entitled as well to liquidated damages, interest, and equitable relief.

## JURY TRIAL

2. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus treble damages as permitted under the NJWHL, attorneys' fees and costs;

(3) on their third cause of action, in the amount to be determined at trial, plus liquidated damages, and attorneys' fees and costs;

(4) on Plaintiff's fourth cause of action, in the amount to be determined at trial, plus liquidated damages, punitive damages, equitable relief, interest, attorneys' fees and costs;

(5) on Plaintiff's fifth cause of action, in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs; and

(6) such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: May 22, 2020    Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
33 State Road, Suite A-1
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*