IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DODLAY ZAMOR, on behalf of himself and all others similarly situated, | Civil Action No.: 3:20-cv-006294-MAS-ZNQ |
| Plaintiff(s), | |
| v. | **DOCUMENT FILED ELECTRONICALLY** |
| ALLIED UNIVERSAL, UNIVERSAL PROTECTION SERVICE, LLC, and JOHN DOE DEFENDANTS 1-10. | **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND TO SUBMIT MATTER TO BINDING ARBITRATION** |
| Defendant(s). | |

Plaintiff Dodlay Zamor ("Plaintiff") and Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal")[1] (all hereinafter collectively referred to as the "Parties"), by and through their respective counsel, hereby stipulate, agree, and jointly move as follows:

1. On May 22, 2020, Plaintiff filed the above-captioned lawsuit (the "Lawsuit") in this Court against Allied Universal alleging various employment claims based on his prior employment with Allied Universal.

2. Plaintiff is party to an arbitration agreement with Allied Universal, executed and effective as of January 6, 2016 which requires that the claims and allegations brought by Plaintiff in this action be resolved finally and solely by individual binding arbitration in accordance with the American Arbitration Association's employment arbitration rules and

---

[1] "Allied Universal," although captioned in the Complaint as a discrete entity, is just a moniker and a not a separate entity. The term "Allied Universal" therefore refers to all defendants in this case, to the extent there is any ambiguity.

1

procedures.

3. The terms of the Arbitration Agreement do not allow a class action, as Plaintiff sought to bring in this court case.

4. Accordingly, the Parties stipulate and agree that the claims and allegations raised by Plaintiff in the above-captioned Lawsuit will be finally resolved by binding arbitration pursuant to the terms set forth in the Arbitration Agreement between Plaintiff and Allied Universal. Plaintiff will not attempt to join any other claimants or represent a class in said arbitration.

5. The Parties agree that, if within 30 days from the dismissal of this Lawsuit, Plaintiff files for arbitration in accordance herewith and asserts claims and allegations raised by Plaintiff in this Lawsuit (the "Dismissed Claims"), Plaintiff shall be entitled to rely on the original filing date of this Lawsuit (May 22, 2020) for purposes of any timeliness or statute of limitations issues.

6. As a result of the Parties' agreements to resolve Plaintiff's claims and allegations brought in this Lawsuit solely by final and binding arbitration, and in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Parties hereby agree and stipulate that all claims, allegations and proceedings in the above-entitled Lawsuit shall be dismissed <u>with prejudice</u> except as to Plaintiff's ability to pursue such claims through binding arbitration in accordance with the Arbitration Agreement.

7. The Parties intend that this dismissal be effective immediately without further court order, as described in Rule 41(a)(1)(A) and other authority. The Parties further stipulate that they shall bear their own costs, fees, and expenses.

We, the undersigned Parties to this action, declare that this Stipulation is both consensual and mutual and that the Parties have entered into this Stipulation knowingly, voluntarily, and willingly.

This 21st day of August, 2020

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services

By: /s/ Jill R. Cohen
Jill R. Cohen, Esq.
jcohen@eckertseamans.com
Princeton Pike Corporate Center, Suite 203
2000 Lenox Dr.
Lawrenceville, NJ 08648
P: 609.392.2100
F: 609.392.7956

**Jaffe Glenn Law Group, P.A.**
Attorneys for Plaintiff

By: /s/ Andrew Glenn
Andrew Glenn, Esq.
aglenn@jaffeglenn.com
33 State Road, Suite 1A
Princeton, NJ 08540
P: 201.687.9977

**So Ordered this 24th day of August, 2020.**

_____
**Honorable Michael A. Shipp, U.S.D.J.**

3